**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **Eun Sun LEE**<br>5865 Trinity Pkwy, APT 128,<br>Centreville, VA 20120<br>　　　　　　　　Plaintiff/Employee,<br>　　　　　-against-<br><br>**Meridian Materials, Inc.,**<br>1984 Isaac Newton Square West, Suite 106,<br>Reston, VA 20190,<br>**SERVE: George K. HONG, Registered**<br>**Agent**<br>1984 Isaac Newton Square West, Suite 106,<br>Reston, VA 20190,<br><br>and<br><br>**Kwang Bok JUNG,**<br>14300 Bowman Ct,<br>Woodbridge, VA 22193,<br>　　　　Defendants/Employer and Manager. |

Civil Action Number: _____

**JURY TRIAL REQUESTED**

**COMPLAINT**

Plaintiff, Eun Sun LEE, by her attorney (Michael) Hyunkweon Ryu, for Complaint against Defendant Meridian Materials, Inc. ("Meridian") respectfully submits the following:

**Introduction**

1.　　Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e, *et seq.* for relief from sexual harassment, hostile work environment, retaliation and unlawful termination during the course of her employment with Defendants.

2.　　Defendants discriminated against Plaintiff. She was subjected to sexual harassment and a hostile work environment. When Plaintiff complained about the discriminatory and predatory conduct directed towards her, Defendants retaliated against her by unlawfully terminating her for bringing forward those complaints.

1

**Parties**

3.      Plaintiff is a former employee of Defendant Meridian Materials, Inc.

("Meridian").

4.      Defendant Meridian was at all time relevant hereto was in the business of

janitorial service in the District of Columbia and the state of Virginia. It was dissolved in the

District of Columbia sometime around 1994, but conducted its business in DC without proper

license or registration.

5.      Plaintiff at all time relevant hereto worked for Defendant Meridian at the National

Zoo in DC from on or about late July 1, 2020 until sometime in November 2020 when she was

fired.

6.      Defendant Kwang Bok JUNG was at all time relevant hereto an employee of

Defendant Meridian. He was the direct supervisor of Plaintiff. He was a manager (the only

manager of the day crew including Plaintiff) in charge of the National Zoo location of the

operation of Defendant Meridian.

**Jurisdiction**

7.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C.

§1331, as claims are asserted arise from Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e, *et seq*.

8.      This Honorable Court has supplemental jurisdiction over this matter pursuant to

28 U.S.C. § 1367, as it asserts claims that arise under the District of Columbia Human Rights

Act, D.C. Code § 2-1401.01, *et seq*.

9.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C.

§1343.

10.     This Honorable Court has personal jurisdiction over each Defendant in this matter based on Fed. R. Civ. Proc. 4(k)(1)(a) and D.C. Code § 13-423(a).

**Venue**

11.     Venue is proper in this Court as events relevant to the claims alleged herein occurred within the District of Columbia.

**Exhaustion of Administrative Remedies**

12.     Plaintiff has exhausted all of her administrative remedies.

13.     Plaintiff filed a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") for sexual harassment; hostile work environment; retaliation and unlawful termination.

14.     Plaintiff was issued a Notice of Right to Sue from the EEOC. This action was filed within ninety (90) days of receipt of that notice dated October 31, 2022.

**Facts**

15.     Defendant JUNG interviewed and hired Plaintiff, and set the wages and the schedules for her.

16.     After Plaintiff started working for Defendant Meridian around late July, Defendant JUNG started making unwanted and unwelcome approaches and advances to Plaintiff.

17.     Defendant JUNG started calling Plaintiff "my princess." In 2020, Plaintiff was over fifty years old and Defendant JUNG was over sixty years old. Naturally, she thought that it was odd but on the other hand she could not tell him to stop that because she just started.

18.     Defendant JUNG also greeted her and often asked her how she was doing at work. He asked her if she needed anything to adjust to the new job. She thought at that time he was very kind and wanted to express her gratitude to him. So, one day after about two weeks

starting the work, she told him that she would buy a dinner when she gets paid the first time. Defendant Meridian paid its employees once a month at on or about the twenty-eighth of each month.

19.     However, soon Plaintiff started feeling something was not right. Defendant JUNG started asking her to have sex with him. He said it verbally. He also sent that by text messages. Initially she did not know what to do with that. She used to be a stay home housewife and did not hear or experience this kind of situation at all. She initially just ignored it hoping it was just an adult joke.

20.     Unfortunately to her however it was not, and the situation rapidly got worse. Defendant JUNG whenever he finds a chance and excuses asked or even forced her to come to a warehouse where he without her permission touched her hands. She did not want it and she did not welcome it and she made it clear to him that she did not want it and clearly told him to stop that.

21.     Defendant JUNG still did not stop, but increased his unwanted and unwelcome sexual approaches and advances to her. He kept asking her to come to the warehouse with all kinds of excuses. He kept touching and grabbing her hand, and at one point after him grabbing her hand and after her pulling her hand out of his, he asked her to show her private parts ("속살"). She yelled at him "are you crazy?" and ran away. He kept sending text messages to her referring to his desire to have sex with her. He even sent text messages describing the sexual acts that he wanted to have with her. She responded to him with emoticons indicating that he was crazy because she did not know how to make a retort to stop him. She repeatedly rejected his sexual advances and told him not to. He still demanded her to buy a dinner as she said, which she refused to honor because of his behaviors.

4

22.     She did not know how to handle this kind of situation. She never experienced this kind of situation. Particularly she was so ashamed of this situation. She felt violated. She could not tell this situation to anyone including her husband. As a result, she could not sleep well. She took sleeping pills. But they stopped working soon. She started drinking wine every night to fall asleep. She developed abhorrence to sex because of Defendant JUNG's conducts and that made her refuse to have sex even with her husband and that created quite a bit of strain in the marital relationship with her husband.

23.     Eventually she could not handle this, so she quit. It was around the beginning of September 2020. However, it was not the end of Defendant JUNG's unwanted and unwelcome approaches and advances.

24.     Defendant JUNG started calling her apologizing and promising that he would not do that again. He asked her to come back to work. She told him that she did not want to go back to work because of him and asked him not to call her again. But Defendant JUNG kept calling.

25.     After she quit the job with Defendant Meridian, she quickly found a job at a local grocery store chain as helper for making prepared foods for sale. It was much harder than her job with Defendant Meridian physically and the schedule was not that great to her. It still paid a little better than the job with Defendant Meridian.

26.     Still Defendant JUNG kept calling and apologized and apologized and asked her what he could do to get her to come back to work. She liked her job with Defendant Meridian better than the job with the local grocery chain, so she eventually told Defendant JUNG that she first wanted him not to make such sexual approaches and advances to her ever again; second, she wanted to be able to take days off on the weekends; and third, she wanted to be switched from the sanitation crew (temporary need only during the COVID-19 pandemic) to the cleaning crew

(all year round need). Defendant JUNG agreed, and she came back to work after about two weeks from quitting her job with Defendant Meridian.

27.     After she came back to work, her schedule was changed not to work over the weekends, but she was still in the sanitation crew. After she came back to work, Defendant JUNG again demanded that she kept her own words of buying a dinner to him. She was very reluctant to oblige but felt compelled to do so because he changed her schedule as she wanted.

28.     So sometime on or about September 25, 2020, she went to buy him a dinner. He drove his own car and she followed in her own car. He led her to Annandale, a popular Korean street with many Korean restaurants and karaoke bars with small rooms selling alcoholic beverages. He led her to several karaoke places, which she refused to go and she led him to a Korean restaurant, which is very popular among Koreans and has a wide open interior. In fact, that is one of the restaurants where Korean people often go to treat their important guests because the food there is very good but rather pricey. He refused to go to that restaurant, and finally she got fed up with him, so she drove off after leaving him on the street.

29.     As soon as he noticed her leaving he started running after her, and her car got caught at the traffic light, and he caught her up and opened the passenger side door and barged into her car. She called him crazy and asked him to get off, but he refused and demanded her to turn the car around. She could not continue the argument while she was driving and she felt so unsafe to drive with him going crazy in the passenger seat, so she obliged.

30.     He still insisted on her going to the Korean karaoke (No-rae-bang). Unlike Japanese style Karaoke or what Americans perceive as karaoke, the Korean style karaoke has many small rooms where people from the hallway cannot see inside except through a small window at the door of each rooms. The Korean style karaoke they went served food and drinks.

6

She really did not want to go there but he insisted that she had to go where he wanted to go because it was an occasion that she was treating him. She got so tired and just wanted to get over with it after buying him the dinner and go home. So, eventually she obliged.

31.     While they were in the small room, he suddenly hugged her and she pushed him off and stopped him and told him not to ever do it again and she would leave if he ever did that again. He temporarily obliged. They ate, he drank, but she did not. He kept asking her to drink but she refused to because she was scared of him. Suddenly, he opened his pants and took his male genital out and showed it to her. She screamed and told him to put it back. The tension drastically escalated and she wanted to get the dinner over and leave, but he did not oblige, and stopped her from going out by blocking the door, and very fortunately to her, his wife called him.

32.     He responded as if nothing was going on and lied to his wife about where he was, and then quickly left. She felt so relieved, and left quickly as well. She could not tell this to her husband because she was so ashamed and violated. She had no idea of what to do.

33.     After that incident, Defendant JUNG did not relent with his uninvited and unwelcome sexual approaches and advances including lewd comments and forceful uninvited and unwelcome touches. Eventually, she told about it to a colleague, Chang Nam SEO, who cleaned the buildings which she sanitized. She could not tell the details of what happened in the Korean karaoke and other sexual harassment but told him she was having a very difficult time because of Defendant JUNG's uninvited and unwelcome sexual approaches and advances. That was around the beginning of October 2020.

34.     Ms. Seo told her that Defendant JUNG in fact had the same issue with another employee of Defendant Meridian and that time he was fired, but soon was rehired by the owner of Defendant Meridian, Mr. Hong.

35.     Mr. Seo learning that Defendant JUNG was repeating the sexual harassment again reported it to an senior employee in the cleaning crew.

36.     A few employees had a meeting at a Korean restaurant in Annandale, VA.

37.     Mr. Hong the owner of Defendant Meridian received a report of Defendant JUNG's sexual harassment. Mr. Hong upon the report called Defendant JUNG and asked if that was true. Defendant JUNG denied it, and Mr. Hong did not take any further actions about it.

38.     After this, Plaintiff was briefly relieved from Defendant JUNG's uninvited and unsolicited sexual approaches and advances for about a week or so. After that, Defendant JUNG started subjecting Plaintiff the same sexual harassment but more surreptitiously. He still demanded Plaintiff to come to the warehouse, still touched her hand and made lewd comments and statement on and to her. Worse, Defendant JUNG started picking on Plaintiff. He refused to hire another person for the sanitation area on which Plaintiff was assigned to despite her repeated requests and his acknowledgment of another person by saying that the area was for five people. Further, he kept calling her and demanded her to report her location, which he did not before he received Hong's call, and picked on her attires, which he never did before. The pressure from Defendant JUNG mounted every day. Eventually, in November 2020, Plaintiff was terminated.

39.     After the termination, Mr. Hong asked Plaintiff to meet him. During the meeting he offered to pay her approximately $1,200 as a token of apology and a rehiring at a different location, Dulles Airport in Virginia, as a cleaning crew not sanitation crew, securing her employment. She told him that she did not want to go to Dulles Airport because the work schedule and commute to that location was very unfavorable and inconvenient to her. Mr. Hong then offered her that he would let her work at National Zoo.

40.     In exchange, Mr. Hong demanded her to sign a document in English right there. She has only a limited English capability, but could guess that that was a document that would stop her from seeking any appropriate remedies to what she was subject to, so she asked him if she could take that document home and give thoughts on it. Mr. Hong rejected that request and told her that she had to sign it right there; otherwise, the offer was gone.

41.     She could tell from it that the document was something that would disadvantage her but only benefit Defendant Meridian. Even if she did not understand English, she could tell that from the insistence on signing right there without the help of anyone else. So, she refused to do so, and left.

42.     Currently, Plaintiff is seeing a psychiatrist because she is so depressed, ashamed, annoyed, embarrassed, and distressed. She cannot sleep without drinking wine, which the doctor tells her she is at the early stage of developing alcohol dependency, and has to take an immediate measure to stop drinking every night. She received prescriptions for sleeping.

43.     Her strained marital relationship from the trauma from Defendant JUNG's sexual harassment, the hostile work environment, and retaliation eventually led to the separation.

44.     For a while she could not work anywhere due to the trauma.

45.     She is currently working as a hair stylist after learning the skills.

**Count I: Sexual Harassment Under the Civil Rights Act of 1964, § 701 *et seq.*, (42 U.S.C.A. § 2000e *et seq.*)**

46.     All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges every allegation set forth in this Complaint as though set forth fully at length herein.

47.     During all relevant period hereto, Plaintiff was an employee of Defendant Meridian.

48.     Defendant Meridian's employee Defendant JUNG frequently subjected Plaintiff to sexually harassing behavior, including but not limited to,

a)      making unwelcome and unsolicited touches on multiple times Plaintiff's body including the hands, and body in an inappropriate and unwelcome sexual manner despite Plaintiff's repeated explicit requests not to do so;

b)      making explicit unwelcome and unsolicited statements of his desire to have sex with Plaintiff despite Plaintiff's repeated requests not to make such statements;

c)      making explicit unwelcome and unsolicited demands to Plaintiff to have sex with Defendant; and

d)      making explicit unwelcome and unsolicited demands to drink alcoholic beverage, eventually forcing Defendant to have drinks with him in a small room where he took his male genital out of his pants and demanded her to see it, which Plaintiff refused to do so, and falsely imprisoned her in the small room.

49.     All of the harassing actions taken by Defendant Meridian's employee, Defendant JUNG were unwanted, unprovoked and unwelcome.

50.     Plaintiff as a female belonged to a protected group under Title VII; she was the subject of unwelcome sexual harassment; the harassment complained of was based on her sex; and that the harassment was sufficiently severe to unreasonably interfere with her work performance or create an intimidating, hostile, or offensive work environment.

51.     Defendant Meridian's employee, Defendant JUNG's harassment, combined with Defendant Meridian's institutional refusal to address, correct and/or to prevent Defendant Meridian's employee's conduct, made it perfectly clear that Plaintiff's employment was conditioned on accepting the sexual harassment.

52.     Defendant Meridian knew or should have known from the pervious incident of Defendant JUNG with another employee of Defendant Meridian, and the direct report from another employee of Defendant Meridian to the owner, Mr. Hong, of Defendant Meridian of Defendant JUNG's sexual harassment to Plaintiff, and should have taken reasonable steps to prevent and/or correct the situation, but willfully failed to do so.

53.     As a direct and proximate result of Defendant**s'** acts and/or omissions, Plaintiff has sustained numerous physical injuries some of which are permanent in nature, including, but not limited to, severe emotional distress, depression, humiliation, embarrassment, and other related physical injuries.

54.     As a direct and proximate result of Defendant**s'** actions and/or omissions, Plaintiff has incurred and will continue to incur expenses for medical care and attention, has suffered and will continue to suffer much physical pain and mental anguish, and has suffered a loss of wages and a loss in her wage-earning capacity.

55.     Plaintiff has been damaged by the said wrongful actions and/or omissions by Defendant**s** in an amount presently to be determined at the trial of this action for compensatory damages for past, present and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and punitive damages. Plaintiff is also entitled to a reasonable attorney's fee, litigation expenses and the costs of this action.

56.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

**Count II: Hostile Work Environment Under Title VII against Both Defendants**

57.     All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges every allegation set forth in this Complaint as though set forth fully at length herein.

58.     Defendant discriminated against Plaintiff based on, *inter alia*, her sex, age and personal appearance, all of which are protected classes under Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, and 42 U.S.C.A. § 2000e *et seq.*

59.     Plaintiff was subject to unwelcome harassment in the form of, *inter alia*, Defendant's frequent verbal abuse, unwanted suggestive touches, explicit sexual comments; and retaliatory disparate and discriminating treatment.

60.     Defendant Meridian's employee, Defendant JUNG, singled Plaintiff out because she was a younger, attractive woman, all attributes of membership in the protected classes mentioned above.

61.     Defendant's harassment was so severe and repeated that it effectively created an immense emotional burden on Plaintiff as a condition of her continued employment by Defendant.

62.     Plaintiff as a woman, belonged to a protected group under Title VII; she was the subject of unwelcome sexual harassment; the harassment complained of was based on her sex; and that the harassment was sufficiently severe to unreasonably interfere with her work performance or create an intimidating, hostile, or offensive work environment.

63.     Defendant Meridian knew or should have known, from the previous incidence of Defendant JUNG about his offensive behavior and should have taken reasonable steps to prevent or correct the situation, but willfully failed to do so.

64.     Plaintiff received disparate treatment by Defendant due to her gender. Plaintiff, due to her gender and age, was not able to enjoy the same rights and benefits of employment that were given to other employees of Defendant.

65.     As a direct and proximate result of Defendant**s'** acts and/or omissions, Plaintiff has sustained numerous physical injuries some of which are permanent in nature, including, but not limited to, severe emotional distress, depression, humiliation, embarrassment, and other related physical injuries.

66.     As a direct and proximate result of Defendant**s'** actions and/or omissions, Plaintiff has incurred and will continue to incur expenses for medical care and attention, has suffered and will continue to suffer much physical pain and mental anguish, and has suffered a loss of wages and a loss in her wage-earning capacity.

67.     Plaintiff has been damaged by the said wrongful actions and/or omissions by Defendant**s** in an amount presently to be determined at the trial of this action for compensatory damages for past, present and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and punitive damages. Plaintiff is also entitled to a reasonable attorney's fee, litigation expenses and the costs of this action.

68.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

**Count III: Unlawful Retaliation/unlawful termination against Both Defendants**

69.     All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges every allegation set forth in this Complaint as though set forth fully at length herein.

70.     Defendant Meridian through Defendant JUNG wrongfully retaliated against Plaintiff for her seeking help to her colleague at work and having the harassment be reported to the owner and operator of Defendant Meridian, Mr. Hong.

71.     Plaintiff's seeking help in this matter to a colleague at work is a protected activity under the laws of this jurisdiction, the Constitution of the United States and Title VII of the Civil Rights Act of 1964, § 701 *et seq.* (42 U.S.C.A. § 2000e *et seq.*)

72.     The wrongful retaliatory conduct that she received, includes but is not limited to, unfair reprisals, continued sexual harassment of the nature set forth above, material and negative changes to job responsibilities, including termination.

73.     Such retaliatory conduct was prohibited under Title VII, and also created a hostile and abusive work environment.

74.     As a direct and proximate result of Defendant**s'** acts and/or omissions, Plaintiff has sustained numerous physical injuries some of which are permanent in nature, including, but not limited to, severe emotional distress, depression, humiliation, embarrassment, and other related physical injuries.

75.     As a direct and proximate result of Defendant**s'** actions and/or omissions, Plaintiff has incurred and will continue to incur expenses for medical care and attention, has suffered and will continue to suffer much physical pain and mental anguish, and has suffered a loss of wages and a loss in her wage-earning capacity.

76.     Plaintiff has been damaged by the said wrongful actions and/or omissions by Defendants in an amount presently to be determined at the trial of this action for compensatory damages for past, present and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and punitive damages. Plaintiff is also entitled to a reasonable attorney's fee, litigation expenses and the costs of this action.

77.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

**COUNT IV: Sexual Harassment under DC Human Rights Act against Both Defendants**

78.     Plaintiff incorporates all previous paragraphs and further alleges that she was an employee of Defendant Meridian. this claim arises under D.C. Code § 2-1401.01, *et seq.*

79.     Defendant JUNG, the employee of Defendant Meridian, *inter alia*, frequently touched Plaintiff in an inappropriate and unwelcome sexual manner and made inappropriate and unwelcome sexual advances.

80.     All of the harassing actions taken by Defendant JUNG were unwanted and unwelcome.

81.     Defendant's employee's harassment, combined with Defendant Meridian's institutional refusal to address, correct and/or to prevent Defendant JUNG's conducts made it perfectly clear that Plaintiff's employment was conditioned on accepting Defendant JUNG's actions.

82.     Defendant Meridian knew or should have known, from the previous incidence of Defendant JUNG about his offensive behavior and should have taken reasonable steps to prevent or correct the situation, but willfully failed to do so.

83.     Plaintiff received disparate treatment by Defendant due to her gender. Plaintiff, due to her gender and age, was not able to enjoy the same rights and benefits of employment that were given to other employees of Defendant.

84.     As a direct and proximate result of Defendant**s'** acts and/or omissions, Plaintiff has sustained numerous physical injuries some of which are permanent in nature, including, but not limited to, severe emotional distress, depression, humiliation, embarrassment, and other related physical injuries.

85.     As a direct and proximate result of Defendant**s'** actions and/or omissions, Plaintiff has incurred and will continue to incur expenses for medical care and attention, has suffered and will continue to suffer much physical pain and mental anguish, and has suffered a loss of wages and a loss in her wage-earning capacity.

86.     Plaintiff has been damaged by the said wrongful actions and/or omissions by Defendant**s** in an amount presently to be determined at the trial of this action for compensatory damages for past, present and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and punitive damages. Plaintiff is also entitled to a reasonable attorney's fee, litigation expenses and the costs of this action.

87.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

**COUNT V**: **Hostile Work Environment under DC Human Rights Act against Both Defendants**

88.     Plaintiff incorporates all previous paragraphs and further alleges that Defendants discriminated against Plaintiff based, *inter alia*, her sex, age and personal appearance, all of which are protected classes under the D.C. Human Rights Act. this claim arises under D.C. Code § 2-1401., *et seq.*

89.     She was subject to unwelcome harassment in the form of, *inter alia*, Defendant JUNG's frequent unwanted and unwelcome forceful sexual approaches and advances as set forth above.

90.     Defendant JUNG singled Plaintiff out because she was a younger, attractive woman, all attributes of membership in the protected classes mentioned above.

91.     Defendants' harassment was so severe and repeated that it effectively created an immense emotional burden on Plaintiff as a condition of her continued employment by Defendant Meridian.

92.     Defendant Meridian knew or should have known, from the previous incidence of Defendant JUNG about his offensive behavior and should have taken reasonable steps to prevent or correct the situation, but willfully failed to do so.

93.     Plaintiff received disparate treatment by Defendant due to her gender. Plaintiff, due to her gender and age, was not able to enjoy the same rights and benefits of employment that were given to other employees of Defendant.

94.     As a direct and proximate result of Defendant**s'** acts and/or omissions, Plaintiff has sustained numerous physical injuries some of which are permanent in nature, including, but

not limited to, severe emotional distress, depression, humiliation, embarrassment, and other related physical injuries.

95.    As a direct and proximate result of Defendant**s'** actions and/or omissions, Plaintiff has incurred and will continue to incur expenses for medical care and attention, has suffered and will continue to suffer much physical pain and mental anguish, and has suffered a loss of wages and a loss in her wage-earning capacity.

96.    Plaintiff has been damaged by the said wrongful actions and/or omissions by Defendants in an amount presently to be determined at the trial of this action for compensatory damages for past, present and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and punitive damages. Plaintiff is also entitled to a reasonable attorney's fee, litigation expenses and the costs of this action.

97.    As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

**COUNT V**: **Unlawful Retaliation and Unlawful Termination under DC Human Rights Act against Both Defendants**

98.    All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges every allegation set forth in this Complaint as though set forth fully at length herein.

99.    Defendant Meridian through Defendant JUNG wrongfully retaliated against Plaintiff for her seeking help to her colleague at work and having the harassment be reported to the owner and operator of Defendant Meridian, Mr. Hong.

100.    Plaintiff's seeking help in this matter to a colleague at work is a protected activity under the laws of this jurisdiction, including the DC Human Rights Act, the Constitution of the United States and Title VII of the Civil Rights Act of 1964, § 701 *et seq.* (42 U.S.C.A. § 2000e *et seq.*)

101.    The wrongful retaliatory conduct that she received, includes but is not limited to, unfair reprisals, continued sexual harassment of the nature set forth above, material and negative changes to job responsibilities, including termination.

102.    Such retaliatory conduct was prohibited under Title VII, and also created a hostile and abusive work environment.

103.    As a direct and proximate result of Defendant**s'** acts and/or omissions, Plaintiff has sustained numerous physical injuries some of which are permanent in nature, including, but not limited to, severe emotional distress, depression, humiliation, embarrassment, and other related physical injuries.

104.    As a direct and proximate result of Defendant**s'** actions and/or omissions, Plaintiff has incurred and will continue to incur expenses for medical care and attention, has suffered and will continue to suffer much physical pain and mental anguish, and has suffered a loss of wages and a loss in her wage-earning capacity.

105.    Plaintiff has been damaged by the said wrongful actions and/or omissions by Defendant**s** in an amount presently to be determined at the trial of this action for compensatory damages for past, present and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and punitive damages. Plaintiff is also entitled to a reasonable attorney's fee, litigation expenses and the costs of this action.

106.   As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

**COUNT V: Sexual Abuse and Assault - Battery against Defendant Jung only**

107.   All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges every allegation set forth in this Complaint as though set forth fully at length herein.

108.   All contacts/touches set forth above was highly offensive and indeed outrageous.

109.   Defendant JUNG initiated all such contact intentionally.

110.   Plaintiff did not consent to any of the contact.

111.   The touches all arose as a result of Defendant JUNG's supervisory position over Plaintiff.

112.   As a direct and proximate result of Defendant's unconsented physical contact, Plaintiff has sustained numerous physical injuries some of which are permanent in nature, including but not limited to, severe emotional distress, depression, humiliation, embarrassment, and other related physical injuries.

113.   As a further direct and proximate result of Defendant JUNG's unconsented physical contact, Plaintiff has incurred and will continue to incur substantial expenses for medical care and attention, has suffered and will continue to suffer much physical pain and mental anguish and has suffered a loss of wages and a loss in her wage-earning capacity.

114.   As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

**COUNT V: Sexual Abuse and Assault - Assault against Defendant Jung only**

115.     All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges every allegation set forth in this Complaint as though set forth fully at length herein.

116.     Defendant's showing of his male genital to Plaintiff as set forth above was highly offensive and indeed outrageous, and created a reasonable apprehension of an immediate harmful or offensive contact.

117.     As a direct and proximate result of Defendant's unconsented physical contact, Plaintiff has sustained numerous physical injuries some of which are permanent in nature, including but not limited to, severe emotional distress, depression, humiliation, embarrassment, and other related physical injuries.

118.     As a further direct and proximate result of Defendant JUNG's unconsented physical contact, Plaintiff has incurred and will continue to incur substantial expenses for medical care and attention, has suffered and will continue to suffer much physical pain and mental anguish and has suffered a loss of wages and a loss in her wage-earning capacity.

119.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

**COUNT VI: Sexual Abuse and Assault - False Imprisonment against Defendant Jung only**

120.    All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges every allegation set forth in this Complaint as though set forth fully at length herein.

121.    Defendant JUNG willfully confined Plaintiff without her consent and without authority of law against her will when he stopped her from leaving the karaoke's small room by blocking the door of the small room.

122.    As a direct proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer severe emotional distress.

123.    As a direct and proximate result of the combined acts and/or omissions of Defendants, Plaintiff suffered extensive injuries, as set forth above.

124.    As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

**COUNT VI: Sexual Abuse and Assault - Intentional Infliction of Emotional Distress against Defendant Jung only**

125.    All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges every allegation set forth in this Complaint as though set forth fully at length herein.

126.    Defendant Jung's conducts set forth above were extreme and outrageous.

127.    The conducts were the proximate cause of Plaintiff's emotional distress.

128.    As a direct proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer severe emotional distress.

129.    As a direct and proximate result of the combined acts and/or omissions of Defendants, Plaintiff suffered extensive injuries, as set forth above.

130.    As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

### Count VII. Vicarious Liability/Respondeat Superior against Defendant Meridian Only

131.    All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges every allegation set forth in this Complaint as though set forth fully at length herein..

132.    While engaging in the above conduct, Defendant Jung was acting in the line, course and scope of his authority and capacity as a partner and/or employee and/or agent of Defendant Meridian and, therefore, Defendant Meridian is vicariously liable for the acts committed and complained of herein.

133.    Plaintiff reported the harassment to Defendant Meridian who knew or should have known of Defendant Jung sexually harassing and intimidating behavior and failed to respond reasonably to prevent or correct it.

134.    As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

### Count VIII. Negligent Training and Supervision

135.    All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges every allegation set forth in this Complaint as though set forth fully at length herein.

136.     Plaintiff was an employee of Defendant Meridian.

137.     While employed with Defendant Meridian, Plaintiff was subjected to crude, suggestive, unwelcome, and hostile sexual behavior from Defendant Jung.

138.     Plaintiff reported the harassment to Defendant Meridian, who knew or should have known of Defendant Wrights sexually harassing and intimidating behavior and failed to respond reasonably to prevent or correct it.

139.     Additionally, Defendant Meridian knew of Defendant Jung's prior sexual harassment, but failed to supervise and/or train Defendant Jung to correct or prevent his inappropriate behavior.

140.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this honorable court for a judgment for the following relief:

a.     an award for Plaintiff against Defendants jointly and severally in the amount of at least $500,000 for the compensatory and punitive damages, including back pay, front pay, pre-judgment interest, post-judgment interest, for sexual harassment, hostile work environment, retaliation, unlawful termination;

b.     an award for Plaintiff against Defendants jointly and severally in the amount of a reasonable attorney's fee, expenses and costs;

c. an award for Plaintiff against Defendant Meridian Materials, Inc. in an amount of at least $200,000 for compensatory damages, including pre-judgment and post-judgment interest for vicarious liability and negligent training and supervision.

d. an award for Plaintiff against Defendant Jung in the amount of at least $300,000 for the compensatory and punitive damages, including pre-judgment and post-judgment interest for sexual abuse and assault – battery, assault, false imprisonment, and intentional infliction of emotional distress; and

e. any other relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

Respectfully submitted,

By Eun Sun LEE
Through her counsel:

/s/(Michael) Hyunkweon Ryu
(Michael) Hyunkweon Ryu
Ryu & Ryu, PLC
Attorney for Plaintiff
301 Maple Ave West,
Suite 620
Vienna VA 22180
VSB No.: 77272